UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:24-cv-00324-SEP |
| RICHARD HARRIS LAW FIRM, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Sidney Keys, Sr.'s second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [5]. On review of the application and financial information provided therein, the application is granted. For the reasons set forth below, the case is dismissed without prejudice.

### BACKGROUND

Plaintiff has filed numerous lawsuits in this Court, including 12 in March 2024 alone. This case relates to an injury Plaintiff suffered during a Spirit Airlines flight in September 2022. In March 2024, Plaintiff retained the Richard Harris Law Firm ("Firm") to represent him in a suit against the airline. According to Plaintiff, the Firm "had [him] sign a contract as there [sic] client . . . and dropped [him] during medical treatment[.]" Doc. [1] at 5. Plaintiff now sues the Firm for "a violation of [his] civil rights as [he is] presently on mental disability PTSD since Jan 2010." *Id*.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'") (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff's legal theory is unclear. He appears to assert that federal law prohibits law firms from withdrawing representation for individuals with mental disabilities. Plaintiff cites no legal authority, but liberally construed, he could be asserting a claim under 42 U.S.C. § 1983.

Under 42 U.S.C. § 1983, a plaintiff may seek redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right. *Young v. Harrison*, 284 F.3d 863, 866 (8th Cir. 2002). To state a claim under § 1983, "a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).

Here, Plaintiff does not assert that the Firm deprived him of any particular federal right, let alone that the Firm acted under color of state law. Plaintiff has therefore failed to state a plausible claim to relief under § 1983. *See Iqbal*, 556 U.S. at 678. And to the extent Plaintiff

2

might be seeking to bring a claim under the Equal Protection Clause, it is well established that the prohibitions of the Fourteenth Amendment do not apply to private actions. *See Florey v. Air Line Pilots Ass'n, Int'l*, 575 F.2d 673, 676 (8th Cir. 1978).

Because the Complaint fails to state a claim upon which relief may be granted, the case is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [5], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Appointment of Counsel, Docs. [2] and [6], are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of November, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE